## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KYOMI POSTLEY,                              )
AS NATURAL PARENT AND          )
GUARDIAN OF MINOR T.P.,           )
                                                            )
                                      Plaintiff,       )
vs.                                                        )                    Case No. 14-2555-JAR-TJJ
                                                            )
PINNACLE POINTE HOSPITAL, et al.,    )
                                                            )
                                  Defendants.       )


## ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**TO THE PLAINTIFF:**

Plaintiff commenced this civil rights action pro se on November 3, 2014, by filing a

Complaint (ECF No. 1) naming Pinnacle Pointe Hospital, Scott Carle, M.D., Benjamin Nimmo,

M.D., Kenneth Hawn, M.D., Ryan Jones, and the Garland County Superintendent of Schools as

Defendants. Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3)

with an attached affidavit of financial status. The affidavit shows that Plaintiff is unemployed,

has $5.00 in her checking account, and has monthly expenses exceeding $1,000.  Based on the

submitted affidavit, the Court grants Plaintiff leave to proceed without prepayment of the filing

fee pursuant to 28 U.S.C. § 1915(a)(1).  As a result, her Complaint is subject to screening under

28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the case if it fails to state a

claim on which relief may be granted.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[1]  While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[2] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[3]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4]  Because Plaintiff proceeds pro se, her pleadings are liberally construed.[5]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]

Defendant appears to allege that her civil rights and those of her child were violated as a result of actions by Defendants which included surgical treatment for a broken thumb, a meeting with a school counselor, and threats that the child would be taken away.[7]  The connection between the broken thumb, school counselor, and threats that the child would be taken away is

---

[1] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[2] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[3] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id*.

[7] Complaint at 3–4 (ECF No. 1).

not clear. In the absence of additional facts linking the alleged events together in a way that clarifies Plaintiff's claim, Plaintiff has not raised a right to relief above the speculative level.

Moreover, the Court does not appear to have personal jurisdiction over the Defendants, nor does venue appear to be proper in the District of Kansas. Here, because each Defendant appears to be a resident or corporation incorporated under the laws of Arkansas and all of the events alleged by plaintiff appear to have occurred in Arkansas, the Complaint contains insufficient facts to support personal jurisdiction over Defendants under the Kansas long-arm statute. Under that statute, Defendants must have "substantial, continuous and systematic" contacts with Kansas to establish this Court's personal jurisdiction.[8]  Plaintiff has failed to allege adequate minimum contacts with the State of Kansas in relation to the claims set forth in her Complaint.

Venue in federal courts is governed by 28 U.S.C. § 1391, which allows for venue in a judicial district where any defendant resides, if all defendants are from the same state, or any district where a substantial part of the events giving rise to the claim occurred. If neither condition is met, then venue is proper in a district in which any defendant is subject to the court's personal jurisdiction with respect to the action.[9]  Here, all Defendants appear to reside outside the boundaries of the District of Kansas and all of the events giving rise to the claim appear to have arisen outside of the District of Kansas.  Lastly, as expressed in the above paragraph, no defendant appears to be subject to this Court's personal jurisdiction, which renders venue improper in the District of Kansas.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is hereby granted, but the Court withholds service of process

---

[8] Kan. Stat. Ann. § 60-308(b).
[9] 28 U.S.C. § 1391(b)(1)–(3).

pending § 1915 review following receipt of a response by Plaintiff to the Order to Show Cause set forth below.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable Julie A. Robinson, United States District Judge, on or before **December 8, 2014**, why this action should not be dismissed for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 19th day of November, 2014.

s/  Teresa J. James
Teresa J. James
United States Magistrate Judge