IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KYOMI POSTLEY, and T.P.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 14-2555-JAR-TJJ |
| ) | |
| **PINNACLE POINTE HOSPITAL,** ) | |
| **SCOTT CARLE, BENJAMIN NIMMO,** ) | |
| **KENNETH HAWN, RYAN JONES, and** ) | |
| **GARLAND COUNTY SUPERINTENDENT** ) | |
| **OF SCHOOLS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Resist Dismissal (Doc. 10). On November 3, 2014, Plaintiff Kyomi Postley filed a pro se Complaint on behalf of herself and her minor child against Defendants, alleging that her civil rights and those of her child were violated when certain Defendants treated her child's broken thumb, participated in a meeting with one of the child's school counselors, and threatened to take Plaintiff's child away. On November 19, 2014, Magistrate Judge Teresa J. James issued an Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis and Order to Show Cause (Doc. 5) in writing by December 8, 2014, why this action should not be dismissed for lack of personal jurisdiction and venue, and for failure to state a claim upon which relief may be granted. On that same day, Judge James denied Plaintiff's motion for appointment of counsel in a separate Order. Both orders were sent to Plaintiff by certified mail. There is no record that either Order was returned received by Plaintiff.

On January 5, 2015, Plaintiff sought reconsideration of the Court's Order denying her

motion for appointment of counsel. She did not respond to the Order to Show Cause by the deadline, however. Judge James denied Plaintiff's motion for reconsideration. This Court dismissed the case on February 25, 2015, for the reasons identified in Judge James' Order to Show Cause; the Complaint failed to allege personal jurisdiction and venue, and failed to state a claim upon which relief may be granted. The Order of Dismissal was sent by regular and certified mail. The certified mail return receipt was marked "Return to Sender; Unclaimed; Unable to Forward" on April 6, 2015.

Plaintiff's instant motion urges the Court to reconsider dismissal, stating that she does not recall receiving the Order to Show Cause and explains that she suffers from a brain injury that limits her ability to establish a stronger case in this matter through self representation. She urges that the case has merit and that dismissal of her case constitutes manifest injustice.

Plaintiff moves for reconsideration pursuant to D. Kan. Rule 7.3. Under that rule, a party must file the motion under either Fed. R. Civ. P. 59(e) or 60. But a motion to alter or amend judgment pursuant to Rule 59(e) must be filed within 28 days of dismissal.[1] Plaintiff's motion to reconsider was filed on April 1, 2015, more than 28 days after the Court dismissed this case. The Court therefore liberally construes Plaintiff's motion as a motion under Fed. R. Civ. P. 60(b), which must be brought "within a reasonable time."[2] Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] Fed. R. Civ. P. 59(e).

[2] Fed. R. Civ. P. 60(c)(1).

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.[3]

Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Plaintiff cites no change in the controlling law. Plaintiff refers to a psychological report that she submitted along with her motion for reconsideration of the denial of appointment of counsel, but she does not explain how that would cure the deficiencies cited in the Order to Show Cause. She suggests that reconsideration should be granted on the basis of her status as a pro se litigant who suffers from mental deficiencies, since she should not be held to the same standards as an attorney in drafting her complaint. While Plaintiff is correct that the Court must read Plaintiff's Motion for Reconsideration and Second Proposed Amended Complaint liberally, and not hold Plaintiff to the same "stringent standards" as lawyers would be held, the Court will not "assume the role of advocate for the pro se litigant," nor will the reduced standards for pro se litigants "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[5] Moreover, status as a pro se litigant alone is not a basis for reconsideration. Finally, Plaintiff suggests that she did not receive the Order to Show Cause, yet the Orders issued by this Court have all been sent by mail to the address provided by Plaintiff.

---

[3] Fed. R. Civ. P. 60(b).

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Frazier v. Ortiz*, 417 F. App'x 768, 771–72 (10th Cir. 2011) (citation and quotation marks omitted).

The copy of the most recent Order of Dismissal that was sent by certified mail was returned unclaimed, but Plaintiff has filed motions to reconsider the last two Orders issued by this Court, suggesting that she has in fact received the Court's mailings. The Court finds no basis under either Rule 59(e) or Rule 60 for relief in this matter. Plaintiff's motion to reconsider is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Resist Dismissal (Doc. 10) is denied.

**IT IS SO ORDERED**.

Dated: April 22, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE